CHARLES G. GOVE, in equity, *vs.* CITY OF BIDDEFORD.

York.    Opinion April 24, 1893.

*Specific Performance. Pleading. Towns. Sewers. Contracts.*

If municipal authorities make contracts in relation to sewers, or other similar structures, which are binding on the municipal corporations, and the latter neglect or refuse to perform them, redress must be sought, as a general rule, in actions at law.

A bill praying for specific performance, in which the aid of a court of equity may be properly sought in such case, must contain a full and clear statement of the circumstances which create the exception and render the assistance of the court necessary.

ON REPORT.

Bill in equity, heard on bill, answer and demurrer. The bill praying for specific performance was filed January 6, 1891, against the city of Biddeford, the mayor, aldermen and common councilmen. Its material allegations are that "on the 24th day of February, A. D., 1888, said city of Biddeford by its written agreement under seal for a good and sufficient consideration, to it moved, agreed with your complainant to maintain the drain or sewer herein

described, and to extend said drain or sewer within a reasonable time from said date; . . . Your complainant further alleges that said city of Biddeford has neglected and refused from said 24th day of February, A. D., 1888, to the date of this bill of complaint, to extend said sewer or drain over and across said land as aforesaid. And your complainant alleges upon information and belief that a reasonable time to build and extend said sewer or drain has long since elapsed.

"Your complainant further alleges that by reason of the non-performance of said agreement by said city of Biddeford, his property is greatly damaged, and he is prevented from using his land in said Biddeford over which said city agreed as aforesaid to extend said sewer or drain, for building-lots as he otherwise would do."

The bill then alleges that the defendants, personally named, are the mayor, aldermen and common councilmen, and charges them with the same negle ct and refusal which are charged against the defendant city, &c.

*Hamilton and Haley*, for plaintiff.

Statute, R. S., c. 77, § 6, par. XI, is not limited in effect by reason of its being accompanied by a re-enactment of the various restricted provisions of former statutes. *Woodbury* v. *Gardner*, 77 Maine, 68. Jurisdiction in equity : Aldrich Eq. Pl. and Pr. pp. 22, 23, 24; *Jones* v. *Newhall*, 115 Mass. 248-9. Sewer cannot be extended except by a vote of the city council. That body must act in order to furnish the means and authority to execute the contract. Relief sought would not be of same measure and kind in law. Legal remedy would be inadequate.

*Charles T. Read*, City Solicitor, for defendants.

The contract was *ultra vires*, the city having no authority to enter into same.

The general statutes providing for the laying out and construction of public drains and sewers is the only rule to be followed.

If the contract is not *ultra vires*, then the only remedy is by an action at law and not in equity. See R. S., c. 16, § 2. If the contract was one which would be binding upon the city, any

liability upon the part of the city, and remedy for same, would be governed by § 9, c. 16, R. S.

Provision being made by general statute law for the laying out and construction of public drains and sewers by municipal officers, a town has no such authority incidental to its corporate powers or in the exercise of its corporate duties. *Bulger* v. *Eden,* 82 Maine, 552. A town is not liable for any acts of its officers when they act beyond the scope of their authority, even if under color of right. *Small* v. *Danville,* 51 Maine, 359; *Barbour* v. *Ellsworth,* 67 Maine, 294.

The pleadings show that no liability, created by R. S., c. 16 § 9, exists, therefore respondent would not be liable as set forth in the bill.

WALTON, J. This is a suit in equity. Annexed to the plaintiff's bill is a paper signed by the plaintiff, and four other persons, the latter professing to act as a committee of the city of Biddeford, in which, among other things, it is agreed that the city shall extend a sewer through the plaintiff's land; and the plaintiff avers that a reasonable time has elapsed, and that the city has neglected and refused to extend the drain through his land, as it agreed to do; and he prays that the court will decree a specific performance of the agreement.

The city denies that the persons who undertook to act as its committee had authority so to do, and denies that their action is binding upon the city; and it says further that the plaintiff has a plain, adequate, and complete remedy by an action at law, and that he has in fact commenced such an action, and that it is now pending in court; and the city demurs to the bill.

We think the demurrer must be sustained. It has been denied that a municipal corporation can bind itself by such a contract. In a recent case in Wisconsin, the city of Hartford had agreed to erect a city hall on a lot of land which the plaintiffs had conveyed to the city for that purpose, and the plaintiffs asked for a decree to compel a specific performance of the agreement; but the court refused to grant it on the ground that the judgment and discretionary authority of the city council could not be

bound by such an agreement; that if such an agreement had been made, still, if upon further consideration, it was deemed best to build upon another lot, the city had a right so to do; and that it would be highly improper for a court of equity to interfere with the *quasi* judicial or legislative power of municipal corporations in matters which concern the welfare and convenience of all their citizens; that in such matters, municipal corporations must be left at all times free to exercise their powers untrammelled by the private interests of individuals. *Kendall* v. *Frey*, 74 Wis. 26 (17 Am. St. Rep. 118).

In a case in Tennessee, it was held that a court of equity had no power to compel a city to build a sewer; that the building of a public sewer by a municipal corporation is the exercise of a legislative discretion which the courts cannot rightfully coerce or control. *Horton* v. *City Council*, 4 Lea, 39, S. C. 40 Am. Rep. 1. And to the same effect is *Mills* v. *City of Brooklyn*, 32 N. Y. 495.

If municipal officers, or duly authorized committees, make contracts in relation to sewers, or other similar structures, which are binding upon their towns or cities, and the latter refuse or neglect to perform them, we think redress must, as a general rule, be sought in actions at law; and, if an exceptional case arises, in which the aid of a court of equity may properly be sought (and we do not mean to say that such a case is impossible), the bill praying for a specific performance, must contain a full and clear statement of the circumstances which create the exception and render the assistance of the court necessary, or the relief prayed for will not be granted. In fact, this court has recently held that in all cases in which decrees compelling the specific performance of contracts are asked for, the bills must contain allegations sufficient to show that actions at law will not be plain, adequate, and complete means of redress.

The bill now before us contains no such allegations. It avers that by reason of the non-performance of the agreement of the city to extend the sewer, the plaintiff's property is greatly damaged, and that he is prevented from using his land for

building lots, as he otherwise would do. But these are only such general allegations as could be made in every case. They show no specific circumstances, such as would be necessary to justify a decree for specific performance. *Porter* v. *Land Co.* 84 Maine, 195. And see *Atwood* v. *Cobb*, 16 Pick. 227 ; 26 Am. Dec. 661 ; and note.

*Bill dismissed with costs.*

PETERS, C. J., LIBBEY, FOSTER and HASKELL, JJ., concurred.