KENDALL and others, Appellants, vs. FREY and others, Respondents.

*February 25 — March 12, 1889.*

*Equity: Municipal corporations: Erection of buildings: Specific performance: Injunction.*

1. Equity will not compel the specific performance of an agreement by a city to erect a city hall upon a certain lot, although the plaintiffs own other property adjacent thereto which would be benefited by such erection, and had for that reason sold the lot in question to the city for less than its value, relying upon the agreement to build the city hall thereon.

2. The fact that the title to another lot upon which the city proposes to build the city hall is imperfect, is not ground for an injunction, at the suit of a private person, to restrain such building.

APPEAL from the Circuit Court for *Washington* County. The action was brought against the mayor, city clerk, city treasurer, and aldermen of the city of *Hartford*, and against the city itself, to compel the specific performance of a contract to erect a city hall upon a lot which had been sold and conveyed to the city for that purpose by the plaintiffs, and to restrain the erection of such building upon another site. The conveyance from the plaintiffs to the city contained, after the description of the land, the following: " The second party is to construct and maintain on said premises a city hall building of not less than two stories above basement; basement wall to be of stone, above basement of solid brick not less than (1) one foot thick, with metal or gravel roof; and a failure of said city to maintain such building for five years at any time shall work a reversion of said lot to said first parties. Said city is authorized to occupy necessary adjacent grounds for staging in building and repairing said building, for a reasonable time, but not to obstruct said lands at other times. The

water from the roof of said building to be conducted directly to said sewer."

An injunctional order was granted, restraining the defendants, *pendente lite*, from selling or conveying the premises conveyed by the plaintiffs to the city, and from building or attempting or preparing to build on the other site. Subsequently, upon the pleadings and affidavits, the injunctional order was dissolved, and from the order of dissolution the plaintiffs appealed. Other facts are stated in the opinion.

*H. W. Sawyer*, for the appellants, contended, *inter alia*, that the acceptance by the city of the plaintiffs' proposals, and the acceptance and recording of the deed, bound the city to perform all the terms of the contract on its part to be performed. *Lowber v. Connit*, 36 Wis. 183; *Vilas v. Dickinson*, 13 id. 488; *Hutchinson v. C. & N. W. R. Co.* 37 id. 582. It was in consideration of the agreement of the city to erect and maintain a city hall on the premises in question that plaintiffs conveyed them to the city for a sum much less than their actual value. Such agreement is a *covenant* on the part of the city and not a mere *condition*. *Horner v. C., M. & St. P. R. Co.* 38 Wis. 165; *Bogie v. Bogie*, 41 id. 209. The clause in the deed providing that a failure by the city to *maintain* such building for five years at any time shall work a reversion, etc., does not render such agreement a mere *condition subsequent*. The purchase of the lot in question was held valid in *Konrad v. Rogers*, 70 Wis. 492. Having made a valid contract to build the city hall upon the *Kendall* lot, the city could not rescind it without the consent of plaintiffs, there being no claim of fraud. *Smith v. Appleton*, 19 Wis. 468; *Worcester v. Kelley*, 119 Mass. 575.

For the respondents there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*; of counsel, and oral argument by *F. C. Winkler*. They contended that a court of equity

will not specifically enforce a contract for the construction of a building, but will leave the party to his remedy at law, and cited, in addition to cases referred to in the opinion, *Mastin v. Halley*, 61 Mo. 196, 201; Fry on Spec. Perf. secs. 48–50. The contract does not stipulate as to the size, form, or cost of the building, and is therefore too uncertain to be enforced. *Mastin v. Halley*, 61 Mo. 200. Failure to stipulate as to its cost alone makes the contract so uncertain that equity will not compel its specific performance. *Bumpus v. Bumpus*, 53 Mich. 346, 349. The contract is too uncertain to be enforced because it fixes no time for performance. *Gates v. Gamble*, 53 Mich. 181. See also, *Wollensak v. Briggs*, 20 Bradw. 50–60; *Nichols v. Williams*, 22 N. J. Eq. 63; *Schmeling v. Kriesel*, 45 Wis. 325.

COLE, C. J. If we rightly understand this case, the action is brought to enforce the specific performance of a contract to erect a city hall and lock-up upon a lot mentioned in the complaint, and to restrain the common council from building or attempting to erect such building upon another lot. It appears from the complaint and supporting affidavits that the officers of the city, in 1887, purchased of the firm of *Kendall & Co.* a lot upon which to erect a city hall and lock-up. According to the conditions in the deed of conveyance, the building to be erected was to be of a certain height and constructed of specified materials, and in case the city failed to maintain the building on the lot for five years the title should revert to the grantors. The city accepted the conveyance, and took steps preparatory to the erection of the building. Some time subsequently the city obtained another lot, by gift or purchase, which was deemed more convenient and suitable for a public hall site, and abandoned the notion of building on the *Kendall* lot. It is alleged that the officers of the city threaten or are preparing to erect the city hall upon the new lot. Hence this

action to compel them to erect the building upon the *Kendall* lot, and enjoin them from erecting it on any other lot.

It seems to us there are serious objections to granting the relief asked for in this suit. Mr. Justice Story says it has been a matter of some conflict of opinion how far courts of equity ought to entertain a suit for the specific performance of a covenant to build or rebuild a house of a specified form and size on particular land. In the earlier cases the jurisdiction was maintained, but in the more recent authorities the doctrine has been denied, and courts of equity have not enforced such a covenant. See 2 Story's Eq. Jur. §§ 725, 726; Fry on Spec. Perf. §§ 65–76; *Beck v. Allison*, 56 N. Y. 366; *Danforth v. P. & C. M. S. L. R. Co.* 30 N. J. Eq. 12; *Oregonian R. Co. v. O. R. & N. Co.* 11 Sawy. 33, 37 Fed. Rep. 733. Furthermore, there are the most cogent reasons why the court should refuse to decree the specific performance of the agreement to build the city hall on the *Kendall* lot. The matter of erecting a public building which shall furnish suitable accommodations for the business and needs of the city is eminently a question for the common council to decide. In the decision of the question the common council exercises its judgment and discretion, and determines to erect a building, we must presume, where it will best meet the general convenience and wants of the corporation. Certainly a court of equity ought not to interfere to control or revise the discretion and judgment of the common council, if it acts honestly in the matter. How and where a public building shall be erected is necessarily a question of public policy, and involves a variety of considerations. The common council is vested by law with full authority to decide them. The court cannot wisely review their action on such a subject. It seems to us that this view is sound and rational.

It appears that the plaintiffs own other lots and valuable property adjacent to and in close proximity to the *Kendall*

lot; and it is alleged that the construction of the city hall upon that lot would be of great benefit and advantage to the plaintiffs and would greatly increase the value of their property, and for that reason they offered and sold to the city the lot they did for much less than its actual value, relying upon the agreement that the city hall would be built thereon. But this furnishes no sufficient ground for enforcing the specific performance of the contract to erect the city hall upon that particular lot. If the plaintiffs shall sustain any loss by reason of the breach of the contract on the part of the city, they have their legal remedy for the damages. It is much better that the plaintiffs should resort to that remedy than that a court of equity should undertake to control the judgment of a common council and compel them to build the public hall upon the lot which they do not think is suitable or convenient for the purpose. It is by no means clear that the plaintiffs have not an adequate remedy at law for any damage which they may sustain if the city builds upon the other site. If the new site is more ample and favorable every way for the public building, it would be the plain duty of the common council to adopt and build upon it. The common council should act solely with reference to the best interests of the municipality, rather than from regard to the advantage of individual lot-owners. It was certainly not competent for the common council of 1887 to bind the subsequent city officials to build the hall upon a particular lot, if the latter believed that such lot was not an advantageous and suitable site for such a building. The city officers should endeavor to promote the public interest, and consult only the wants of the people in making such improvements. It is further urged that the title to the new site is not perfect; but, conceding that to be so, still this fact affords no ground for an injunction at the suit of the plaintiffs. " The general principle that equity possesses no power to revise, control, or

correct the action of public, political, or executive officers or bodies is, of course, well understood. It never does so at the suit of a private person, except as incidental and subsidiary to the protection of some private right, or the prevention of some private wrong, and then only where the case falls within some acknowledged and well-defined head of equity jurisprudence." *Judd v. Fox Lake*, 28 Wis. 587. The common council had authority under the charter to acquire the real estate in question for the city hall site, and, if they acted prudently in the exercise of their best judgment, their discretion will not be revised or controlled by a court of equity. *Konrad v. Rogers*, 70 Wis. 492. These observations are sufficient to show that the court below properly dissolved the injunction.

*By the Court.*— The order of the circuit court is affirmed.