SOUTHERN PINE FIBRE Co. *v.* NORTH AUGUSTA LAND Co.

*(Circuit Court, D. South Carolina. April 12, 1892.)*

SPECIFIC PERFORMANCE—WHEN MAINTAINABLE—CERTAINTY OF AGREEMENT.

A letter from a land company to a manufacturing company promising that, if they will locate a factory upon their property, they will donate to them a certain amount of land, and will promptly build or cause to be built to it a side track, sets forth the agreement in terms sufficiently certain to support a bill for specific performance.

In Equity. Bill by the Southern Pine Fibre Company against the North Augusta Land Company for the specific performance of a contract. Heard on demurrer to the complaint. Demurrer overruled.

*Fleming & Alexander,* for complainant.

*Jackson & Olive,* for defendant.

SIMONTON, District Judge. The case comes up on bill and demurrers. The bill seeks specific performance of a contract. The defendant, owner of a tract of land on or near the Savannah river, opposite the city of Augusta, offered inducements to the plaintiff to erect and put in operation a factory on said land. The bill sets out certain negotiations between the parties, which resulted in a letter by the president of the defendant company to the president of the complainant company in these words:

"NEW YORK, June 20th, 1891.

"*J. B. N. Berry, Pres't. Southern Pine Fibre Company*—DEAR SIR: The North Augusta Land Company will donate to your company 3 acres of land,

to be selected by it on its property opposite the city of Augusta, and will promptly build or cause to be built to the land so donated a side track, and when your factory is completed and machinery in successful operation, will buy from you ($2,500) twenty-five hundred dollars' worth of your treasury stock at its par value, payable in cash when your factory is in successful operation as aforesaid.                     Yours, truly,

"PAT CALHOUN, Pres't.

"The above is conditioned upon your beginning work at once.

"P. C."

The three acres of land have been donated, and the deed executed and delivered.    The factory has been erected and equipped with valuable and costly machinery.    The specific performance of that part of the contract is sought which provides that defendant "will promptly build or cause to be built to the land so donated a side track."

Defendant demurs on several grounds, which may be summed up as follows:    That there is no equity in the bill; that, the letter being the only contract in writing, no parol evidence of pre-existing negotiations can be admitted, and that all allegations of such negotiations have no place in the bill; that the terms of this letter are vague and uncertain; that it is not alleged what interest complainant will have in the side track when completed, nor how it is to be completed, nor that defendant has the right, power, or authority to complete it; that the damages alleged are remote and consequential; that complainant has an adequate and complete remedy at law.

We now hear the case on demurrer.    For the purposes of this decision we confine ourselves to the letter above quoted, without prejudice of the questions arising under the statute of frauds.    In that letter the contract distinctly provides for a side track to be built to the land so donated promptly.    The term "side track" has a well-known signification. It means connection with some railroad, affording communication with market.    Its value to a factory in operation is self-evident.    Its absence would cause great injury to the factory, not only increasing expense upon every article needed for or turned out of the factory, but perhaps operating, in this age of competition, fatal results to its business.    There is no want of sufficient certainty in the terms of the agreement, and there is sufficient evidence of continuing and increasing damage which cannot be compensated except by a succession of verdicts.    Why the side track was not built does not appear.    The court will not assume a want of *bona fides* in a contract.    On the contrary, the presumption is that when parties contract they honestly believe that they can carry out the promises they have made.    For the present we must assume that when the defendant contracted to build the side track it was able to do so.    If this hope has been disappointed, and such circumstances exist as make it impossible, these must appear on a full hearing.    The demurrers are overruled, with leave to defendant to answer over.