## Dukes v. Bash et al.

[No. 3,730.   Filed May 20, 1902.]

Specific Performance. — *Contracts to Secure Right of Way.* — A suit for specific performance can not be maintained upon a proposition made by defendant and accepted by plaintiff whereby defendant "proposed to secure" for plaintiff a certain canal right of way; since such contract creates an agency requiring personal service, and the relief for the breach thereof is confined to an action for damages.

From Allen Superior Court; *J. H. Aiken*, Judge.

Suit by Aaron N. Dukes against Charles S. Bash and others to enforce the specific performance of a contract. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*W. P. Breen* and *J. Morris, Jr.*, for appellant.

*J. M. Barrett*, *S. L. Morris*, *Walter Olds* and *N. D. Doughman*, for appellees.

Henley, J.—The only question presented by this appeal is as to the sufficiency of the third and fourth paragraphs of the appellant's complaint. The question is whether or not appellant can enforce the specific performance of a certain contract entered into between Robert Simonton and the appellees, Bash, Paul, and McCulloch. This contract was assigned by the said Simonton to appellant Dukes. Appellant filed four paragraphs of complaint, but the first and second paragraphs were dismissed. In his third paragraph of complaint appellant avers that on the 12th day of September, 1899, appellees, Charles S. Bash, Charles McCulloch, and Henry C. Paul, by the name of Bash, Paul, and McCulloch, executed to one Robert Simonton, of Huntington, Indiana, a written proposition in the words and figures following, to wit: "Fort Wayne, Ind., Sept. 12, '99.   Mr. Robert Simon-

ton, Huntington, Ind. Dear Sir: We propose to secure the canal right of way for you from the north line of the corporation limits of Roanoke to the right of way of the P. F. W. & C. Ry., west of this city, with the exception of the right of way through the Rockhill land (about 100 rods), said right of way to be only the canal proper and not to include any bayous or land north of the berm bank. The consideration for the above right of way is to be $4,500; $500 to be paid down and the balance to be paid on or before six months. In case the balance of $4,000 is not paid within six months, the $500 paid on this proposition shall be forfeited as liquidated damages, and this proposition shall be null and void. Resp'y, McCulloch, Paul, and Bash." Appellant further avers that thereafter, on the 16th day of September, 1899, said Simonton duly accepted said proposition, and paid to Bash, Paul, and McCulloch, in cash, the sum of $500, as in said proposition provided, and according to the terms of a receipt therefor executed to him by said Bash, Paul, and McCulloch at the time of such payment, which is as follows: "Fort Wayne, Ind., September 16, 1899. Received of Robert Simonton the sum of $500 as part pay on contract dated September 12, 1899, and signed by McCulloch, Paul, and Bash, for canal lands as per said contract; a description of lands to be deeded to said Simonton, or his assigns, on or before six months from date. McCulloch, Paul, and Bash, by C. S. Bash."

Appellant further avers in said paragraph that the land that said Bash, Paul, and McCulloch proposed and intended to secure for said Simonton under said proposition is in that part of what was formerly known as the Wabash & Erie Canal, from the north line of the corporation limits of the town of Roanoke, in the county of Huntington, Indiana, to the right of way of the Pittsburg, Fort Wayne & Chicago Railway, west of the city of Fort Wayne, Allen county, Indiana, with the exception of that part thereof owned by Howell C. Rockhill, lying in the northwest quarter of section

nine, township thirty north, range twelve east, in Allen county, Indiana, and being about 100 rods in length (said premises so intended to be conveyed to include only the canal proper, and not any bayous or land north of the berm bank) ; that said Wabash & Erie Canal is the only canal between said town of Roanoke and said city of Fort Wayne; that, prior to the execution of said contract, said Simonton had been the owner in fee simple of said land, and had conveyed the same to said Bash, Paul, and McCulloch as tenants in common; that, at the time of the execution of said contract, said Bash, Paul, and McCulloch represented to said Simonton, who relied upon such representations and did not have reason to believe the contrary, that they still owned said land in fee simple; that, at the time of the assignment of said contract by said Simonton to appellant as hereinafter stated, said Simonton repeated said representations to appellant, who took said assignment relying on the truth thereof, and did not know or have reason to know that said Bash, Paul, and McCulloch did not own all of said land in fee simple, and did not discover that they did not own all of it until long after said assignment was made; that said Bash, Paul, and McCulloch now own all of said land in fee simple, except five miles and 1,050 feet thereof; that appellant is willing to accept a conveyance of the portion of said land so owned by said defendants, and to pay for the same according to the contract price; that on the 16th day of September, 1899, said Robert Simonton, for value received, in writing assigned and transferred to appellant all his right, title, and interest in and to said contract so made between him and said Bash, Paul, and McCulloch, of which fact the latter at the time had knowledge; that said Simonton is made a party to said action to answer as to said assignment.

Appellant further avers in said paragraph that on the 12th day of March, 1900, and within six months from the time of the execution of said contract, he requested said

Bash, Paul, and McCulloch to convey to him said land according to the terms of said contract, and at said time offered, and was able, ready, and willing to pay to them the balance of the purchase price therefor, but that said Bash, Paul, and McCulloch then refused to make said conveyance or to accept said offer, and still refuse so to do; that ever since said time appellant has been, and still is, able, ready, and willing to pay the balance of the purchase price of said land upon said appellee executing to him a conveyance therefor according to the terms of said contract; that on the 12th day of July, 1900, at the request of said Bash, Paul, and McCulloch, he paid to them the further sum of $500 in part payment of the balance of the purchase price of said lands, whereby the time of said contract was extended for a reasonable time thereafter, to wit, for a period of six months from said 12th day of July, 1900. It is further averred in said paragraph that he has duly performed all the conditions of said contract on his part to be performed; that on the 11th day of December, 1900, he tendered to said Bash, Paul, and McCulloch the balance due under it, to wit, the sum of $3,500, with interest thereon at the rate of six per cent. per annum from the 12th day of March, 1900, and requested them to convey said land to him according to the terms of said contract, which they refused to do; that said Bash, Paul, and McCulloch still refuse to accept said tender or to execute said conveyance, and appellant brings into court the balance due them under said contract, to wit, the sum of $3,675, and offers the same to them upon their executing and delivering to him a conveyance of said land according to the terms of said agreement, or a proportionate amount thereof for a conveyance of such portion of said land as they now own in fee simple as aforesaid.

He further avers in said paragraph that said Bash, Paul, and McCulloch entered into an agreement with appellee Townsend, Reed & Co., a corporation, to convey said land to it, and, unless enjoined by the court from so doing,

they will carry out such agreement; that, at the time said corporation and said Bash, Paul, and McCulloch entered into said agreement, to wit, on November 28, 1900, said Townsend, Reed & Co. had full knowledge of the rights of appellant in said land; that said corporation intended to take said land for the benefit of, or to convey the same to itself, George Townsend, William S. Reed, Charles C. Miller, and the Fort Wayne & Southwestern Traction Company, or some one or more of them; that said parties claim some interest in said land adverse to appellant; that all of said parties on said 28th day of November, 1900, at the time of the making of said agreement between said corporation and Bash, Paul, and McCulloch, knew of appellant's rights in said land; that said Townsend, Reed, Miller, and Fort Wayne & Southwestern Traction Company are made defendants to the action to answer as to their interest in said land; that, at the time they made said contract with said Simonton, said Bash, Paul, and McCulloch were and still are married men.

The prayer of this paragraph of complaint is that said Bash, Paul, and McCulloch be required to accept said sum of $3,675 so tendered them, and to execute and deliver to appellant a deed for said land within a time prescribed by the court, or, upon their failure so to do, that a commissioner be appointed for that purpose; that he recover possession of said land; that his title thereto be quieted; that all the other defendants, except said Simonton, be enjoined and restrained from accepting a conveyance of said land from said Bash, Paul, and McCulloch, or from entering upon the same; that in case said Bash, Paul, and McCulloch do not own all of said land in fee simple, the court ascertain what portion thereof they do own, and its value; that they be required to execute a conveyance for such portion thereof, or, upon their failure to execute such a conveyance, in which their wives shall join, within a time fixed by the court, that a commissioner be appointed to make a conveyance of such

portion; that the value thereof, and the value of the interests of the wives of said Bash, Paul, and McCulloch therein, be ascertained; that the court determine what portion of the money so paid into court by appellant, said Bash, Paul, and McCulloch are entitled to receive; that they be compelled to accept the same, etc.

Each specification of the assignment of errors presents the same question. The difference in the two paragraphs of complaint is not a material difference.

In *Ikerd* v. *Beavers,* 106 Ind. 483, the Supreme Court by Mitchell, J. said: "It is essential to the jurisdiction of a court of equity, to enforce the performance. of a contract, that certain qualities should be found inherent in the contract itself. Besides being complete and definite, it must belong to a class capable of being specifically enforced, and be of a nature that the court can decree its complete performance against both parties without adding to its terms. The contract must be fair, just and equal in its provisions, and the circumstances must be such at the time the court is called upon to act, that to enforce it would not operate to the oppression of the person against whom its enforcement is asked. Moreover, it must appear that the plaintiff has no adequate remedy at law, and that to refuse to perform the contract would be a fraud upon him."

The contract declared upon in the case at bar creates an agency requiring personal service. The relief for a breach of such a contract is confined to an action for damages. The remedy is an adequate one at law. *Thiebaud* v. *Union Furniture Co.,* 143 Ind. 340; *Norris* v. *Fox,* 45 Fed. 406; *Schwier* v. *Zitike,* 136 Ind. 210; *Karrick* v. *Hannaman,* 168 U. S. 328, 18 Sup. Ct. 135, 42 L. Ed. 484. Whatever may have been the facts as regards the situation of the parties to the contract, the language of the contract can bear but one interpretation. The proposition begins: "We propose to secure for you, etc." This involves both personal service and agency. Again, appellees do not, by the con-

tract, purport to own the real estate which they propose to secure, and the complaint shows upon its face that they did not own all of such real estate. The idea of personal service is still further emphasized, and the right to specific performance upon the part of appellant still further removed, by the provisions of the contract that, if appellant defaulted, the damages were fixed at $500. Appellees could not, by an equitable action, compel appellant to accept a deed for the real estate described in the contract. The contract further required the doing of something in the future, and falls, we think, within the rule announced in *Louisville, etc., R. Co.* v. *Bodenschatz,* 141 Ind. 251, 263, where Monks, J., speaking for the court, said: "The general rule is, when the consideration on the part of the plaintiff is the doing of something in the future which the court can not compel, or when, by its terms, the contract stipulates for a succession of acts, whose performance can not be consummated by one transaction, but will be continuous and require protracted supervision, specific performance will be refused."

We know of no rule of law that would compel a specific performance of the contract declared on. It is a very different contract from one which obligates a party to convey certain described real estate which the contract recites is the property of the party agreeing to convey.

We find no error. Judgment affirmed.