DAVID D. OWENS, Respondent, v. CARTHAGE & WESTERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 6, 1905.

1. **DEEDS: Reformation: Railroad Crossing: Wagon Pass.** Evidence in a suit to reform a deed and correct a mutual mistake is considered and held sufficient to show that the expression "cattle or wagon pass" used in the deed was intended to mean not a crossing but an underway twelve feet wide and ten feet high.

2. **EQUITY: Reformation: Specific Performance: Building Contract: Railroad Crossing.** Cases relating to refusing to grant specific performance in ordinary cases of building contracts are distinguished, since this is action to enforce specific performance of a contract whereby defendant agreed to do certain work for the benefit of plaintiff on its own premises, and which could not be done by another.

3. **EVIDENCE: Reformation: Similar Contracts.** In an action to reform a contract in a deed evidence that defendant company accepted similar deeds and executed the contract therein in the manner sought by the plaintiff, is admissible.

4. **EQUITY: Reformation: Specific Performance: Damages: Misjoinder: Trial and Appellate Practice.** Objection to the improper misjoinder in the same count of actions to reform a deed and enforce specific performance of a contract therein contained, and for damages for nonperformance must be made in the trial court and cannot be considered for the first time in the appellate court.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Martin L. Clardy, E. O. Brown* and *Geo. W. Crowder* for appellant.

(1) The finding and decree is not warranted by the pleadings, and is not supported by the facts shown in evidence. In other words, the court below was not authorized, under the pleadings and evidence, and it was error to reform the deed in question by inserting such a provision therein. Jewett v. Railway, 45 Mo. App. 58; Blain v. Knapp, 140 Mo. 251; Mastin v. Halley, 61 Mo. 196; Bank v. Farris, 77 Mo. App. 186; 2 Am. and Eng. Ency Law (2 Ed.), 304; Webster v. Paul, 10 O. St. 532; Crim v. Crim, 162 Mo. 553; Johnson v. Ins. Co., 93 Mo. App. 580; Miers v. Somerville, 85 Mo. App. 50; Parker v. Vanhoozer, 142 Mo. 621; Newman v. Bank, 70 Mo. App. 141; Kingman v. Schulenberger, 64 Mo. App. 557; Holliday v. Leasch, 85 Mo. App. 285; Squire v. Evans, 127 Mo. 518; Yeoman v. Hoshaw, 98 Mo. 360; Morgan v. Porter, 103 Mo. 135; Pearson v. Carson, 69 Mo. 550; Loan Co. v. Workman, 71 Mo. App. 275; Tuggles v. Collison, 143 Mo. 527; 20 Am. and Eng. Ency Law (2 Ed.), 809, 810, 832. For the same reason a court of equity will not reform an instru-

ment merely because the parties may have been mistaken as to the legal interpretation and effect of such instrument. So if a person executes a deed without reservation he cannot afterwards have it set aside on the ground that he did not know the effect of the deed without this provision. 20 Am. and Eng. Ency. Law (2 Ed.), 810. (2) Moreover, to entitle plaintiff to a reformation of the deed on the ground of mistake the mistake must have been mutual and not merely a mistake on the part of the plantiff alone. Henderson v. Ins. Co., 49 Mo. App. 255. Besides, the evidence of mistake must be clear and convincing. Bartlett v. Brown, 121 Mo. 353. (3) Our contention is that the deed embodied the entire agreement of the parties touching the cattle pass or crossing in question, and the trial court clearly misconceived the law of the case and tried it throughout upon an erroneous theory in permitting plaintiff to introduce oral testimony varying the terms of the deed in reference to the crossing. The deed embraced the entire contract and in the absence of fraud parol evidence was not permissible to enlarge its terms. There is no ambiguity in the deed and, therefore, it was not the subject of oral explanation. Newman v. Bank, 70 Mo. App. 141; Kingman v. Schulenberger, 64 Mo. App. 557; Holliday & Co. v. Leasch, 85 Mo. App. 285; Squire v. Evans, 121 Mo. 518; Loan Co. v. Workman. 71 Mo. App. 275; Morgan v. Porter, 103 Mo. 131; Tuggles v. Collison, 143 Mo. 527; Johnson v. Ins. Co., 93 Mo. App. 580; Mfg. Co. v. Hunter, 87 Mo. App. 50; Miers v. Somerville, 85 Mo. App. 183; Parker v. Vanhoozer, 142 Mo. 621; Crim v. Crim, 162 Mo. 554. (4) The action of the court in permitting plaintiff, over defendant's objection, to show that the defendant company had constructed undergrade crossings on the farms of Mevey, Clark and Weaver under deeds containing similar clauses with respect to crossings, in no wise enlarged plaintiff's rights, nor created any liability upon the de-

fendant so far as the crossing in controversy is con-
cerned. (5) An action will not lie for the specific
performance of the deed in question where, as in this
case, the consideration named is that the defendant
company "agrees to construct a cattle or wagon pass
at the place designated by the chief engineer on said
premises," without any further description. Mastin
v. Halley, 61 Mo. 196. The case at bar falls squarely
within the line of cases where specific performance is
denied. (6) The duties to be performed by the defen-
dant in constructing and maintaining a passway for
stock under its track are not only continuous, but would
require judicial supervision as long as the right of
way over plaintiff's land was used for railway pur-
poses. Under such circumstances it is universally held
that a court of equity will not decree specific perfor-
mance for the reason that the court cannot turn itself
into a mere supervisor of construction. 2 Story's Eq.
Juris. (10 Ed.), sec. 726; Railroad v. Railroad, 13
Ohio St. 544; 3 Pomeroy's Eq. Juris., note to sec.
1405. Collins v. Plum, 16 Ves. 454; London v. Nash,
3 Atk. 512; Caswell v. Gibbs, 33 Mich. 331; Blanchard
v. Railroad, 31 Mich. 43; Marble Co. v. Ripley, 10
Wall. 339; Strang v. Railroad, 93 Fed. Rep. 71; Rail-
road Co. v. Wythes, 5 Deg. McN. & Gord. 880; Rail-
way v. Stone Co., 39 N. E. 703; McCarter v.
Armstrong, 8 L. R. A. 625. (7) It was error to min-
gle a cause of action in the same count to reform a deed
and specifically enforce the same as reformed with one
for damages for failure to perform the contract and
to proceed to try them together before the chancellor.
Henderson v. Dickey, 50 Mo. 161; Kabrich v. Ins. Co.,
48 Mo. App. 398; Peyton v. Rose, 41 Mo. 257; Meyers
v. Field, 37 Mo. 434.

*Shannon & Shannon* for respondents.

(1) The cases of Jewett v. Railway Co., 45 Mo.
App. 58, and Mastin v. Halley, 140 Mo. 251, cited by

counsel for appellant following their first paragraph under the heading of points and authorities, are the only cases in the long list of authorities cited in the same connection, which seem to be in any sense parallel with the case at bar. (2) The Jewett case, supra, is in a measure parallel to the case at bar, but in that case it was admitted that, at the time of the execution of the contract involved in the suit, the railway agent disclamed any authority to contract for an "under crossing." In the case at bar it does not appear whether Purcell was authorized or not to obligate appellant to construct an undergrade crossing for respondent, but in other cases where he had assumed such authority, the railway company had ratified his contracts by constructing undergrade crossings. But the fact is that in this case he assumed such authority, and contracted with respondent to construct such a crossing. Even if he had no authority to do so, appellant cannot now avail itself of such want of authority, having failed to tender back to respondent the right of way in question. This proposition is certainly so elementary as to require no citation of authorities. (3) The Mastin case, supra, is cited on two theories; First, that specific performance of a building contract will not be enforced. Second, that the cattle or wagon pass, as described in the deed, *even after reformation*, though in their discussion counsel seem to ignore the terms of the deed as reformed, is not so described as to enable a court to direct its construction. The reason assigned in the Mastin case for the rule that a building contract will not be specially enforced is that, "If one will not build, another may." But in this case if the appellant will not construct the wagon or cattle pass, who could? (4) In the case at bar there was a definite agreement between the parties for a cattle or wagon pass twelve feet wide and not less than ten feet high, preceding the execution of the right of way deed, and in reducing the agreement to writing an "error

of expression" was committed, both parties believing that the language used was commonly understood by railway builders to mean all that had been specified in the previous negotiations. Therefore, equity will  administer relief by reforming the contract. 20 Am. and Eng. Enc. Law (2 Ed.), 821; 24 Am. and Eng. Enc. Law (2 Ed.), 648; Henderson v. Beasley, 137 Mo. 199; Ezell v. Peyton, 134 Mo. 484; Buggy Co. v. Woodson, 59 Mo. App. 550. (5) There was no error in admitting in evidence the deeds of Mevey, Clark and Weaver, and their testimony concerning their transactions with Purcell. Collateral facts for the purpose of proving intent or motive are received in evidence in both civil and criminal cases. State v. Williamson, 106 Mo. 162; State v. Williams, 136 Mo. 293; State v. Balch, 136 Mo. 103; Gunn v. Thurston, 130 Mo. 339. (6) Appellant's objection that there were two causes of action improperly joined comes too late. As the objection that two causes of action were united in the same count was not taken in the court below it will not be considered. Callaghan v. McMahan, 33 Mo. 111; Mead v. Brown, 65 Mo. 552; Jamison v. Copher, 35 Mo. 483; Sweet v. Maupin, 65 Mo. l. c. 72; Anderson v. McPike, 41 Mo. App. 328.

ELLISON, J.—The plaintiff is the owner of land over which defendant constructed its railway. Plaintiff conveyed the right of way to defendant by deed, the consideration expressed being $400 in money and the following clause: "Said Carthage & Western Railway Company hereby agrees to construct cattle or wagon pass at place designated by the chief engineer on said premises." Plaintiff alleges that he and defendant understood that the contract and agreement was that defendant would construct a crossing *under* the tracks of sufficient width and height to admit of the passage of cattle and loaded wagons; that is to say, not less than twelve feet wide and ten feet high,

at a point to be designated by the defendant's chief engineer. He further alleges that he and defendant by mutual mistake supposed the words in the deed above quoted meant what they each understood.

Defendant having refused to comply with the agreement alleged, plaintiff brought this action to reform that portion of the deed referred to so as to correct the mistake of the parties and to set out the contract as it was understood, and to require defendant to perform it. The trial court found the issues for the plaintiff and directed that a passway be constructed under the railroad, sufficient for cattle and loaded wagons, which was found to be twelve feet wide and ten feet high.

The contract in the deed as to the cattle and wagon pass is ambiguous in that it is not clear whether the pass was to be overhead, on the surface, or underneath the railway track. The circumstances and conditions surrounding the parties show definitely enough that an overhead crossing was not contemplated; but such conditions and circumstances do not demonstrate whether a surface or under passway was intended. The proof preserved in the record is ample that the parties understood that the word "pass" signified under the track, as distinguished from "crossing" over the surface. And it is likewise ample that the contract expressly provided for a pass under the railway for cattle and wagons of twelve feet in width and ten feet in height. And so it appears clearly enough that the parties understood the deed to so express the contract. The deed reads that, a "cattle or wagon pass" is to be constructed. This would mean a pass sufficient for cattle and farm wagons whether loaded or unloaded. Now, it is common knowledge that some farm productions which are taken by wagon through a farm, or from one field to another, will need a space of twelve feet in width and ten feet in height to pass through. So, therefore, we may well believe the plain-

tiff's theory that, after so agreeing, the parties assumed that the expression in the deed, "wagon pass," meant one of at least the size just stated.

It being clear that the mistake in the deed was mutual, it was proper to reform it, so that it might express the contract between the parties. [Henderson v. Beasley, 137 Mo. 199; Ezell v. Peyton, 134 Mo. 484; 20 Am. and Eng. Ency. of Law, 821; 24 Ib. 648 (2 Ed.).]

We are cited to several cases as authority against the decree. We do not think they are applicable to the case made by plaintiff. In Jewett v. Railroad, 45 Mo. App. 58, it was shown and practically admitted that the agent did not have authority to make the contract sought to be enforced. In Mastin v. Halley, 61 Mo. 196, it was held that specific performance of a contract to build "a certain building" without more description could not be decreed, as there was nothing upon which to base a direction as to what description of building was to be built. It was likewise said in that case that a court of equity will not direct specific performance of building contracts, because: "if one will not build another may." That case finds no application to the facts of the one at bar. From what we have already said, it is apparent that there was sufficiency of description here to justify the court's decree in that respect.

As to the objection that courts of equity will not enter upon the enforcement of building contracts: it is manifest that this is not such case. When the complaining party wants a building contract performed it is something which he may get any third party to do without the aid of a court of equity. But the contract in this case is something which defendant was to perform for plaintiff's benefit on its own premises (so to speak) and which this plaintiff, in the nature of the case, could not have anyone, other than defendant, perform.

It seems that defendant embodied in the deeds

similar agreements with other landowners from whom it secured right of way. Plaintiff was permitted to show, against defendant's objection, that under such deeds defendant had constructed under passways of the nature he is now demanding. We regard the evidence as admissible as tending to show what the contract with plaintiff was understood by the defendant to be.

The final point for reversal is that there was an improper joinder of causes of action, in that a reformation of the deed and specific performance and damages for nonperformance are joined in one count in the petition. Such objection comes too late when made for the first time in this court, and we need not pass upon it. It should have been raised by demurrer or answer. [Mead v. Brown, 65 Mo. 552; Sweet v. Maupin, 65 Mo. 72; Jamison v. Copher, 35 Mo. 483; Anderson v. McPike, 41 Mo. App. 328.]

After a full consideration of the points made against the judgment we do not feel authorized to interfere with it and it is accordingly affirmed. All concur.