KIRKMAN *v.* KENYON and Another.

Nov. Term,
1861.

KIRKMAN
v.
KENYON.

17  607|
141  168|
—

*A.* and *B.* entered into an agreement, in writing, by which *A.* agreed to sell and convey to *B.* a certain town lot, in consideration that *B.* would convey to him eighty acres of land in *Jasper* county. The land was to be selected as follows, viz., *B.* was to furnish to *A.* five hundred acres of land in said county, from which *A.* was to select an eighty acre tract; and when so selected, and a deed made for the same, then *A.* was to convey to *B.* the town lot, and give him possession at a given time. Suit by *B.* for a specific performance of the agreement, alleging that he had said five hundred acres of land, and furnished a description thereof to *A.*, and requested him to make a selection therefrom, which he failed and refused to do, and by reason of such refusal he could not make and tender a deed, &c.

*Held,* that an application for a specific performance is addressed to the sound legal discretion of the Court, and as *B.* had not tendered a conveyance for any particular tract, and did not make any averment as to the value of the lands, or give any description of the lands furnished to *A.*, from which to choose, a case was not made in which the Court could determine whether a specific performance could, or not, be equitably decreed.

APPEAL from the *Putnam* Circuit Court.

*Thursday,
February* 6.

HANNA, J.—This was a suit to compel the specific performance of a written contract, in substance as follows: "*Kenyon* hath sold to *Kirkman*, lot, &c., in block, &c., for and in consideration that said *Kirkman* shall make me a deed for eighty acres of land in *Jasper* county, *Indiana*, and he shall furnish me with five hundred acres of land, from which I shall select said eighty acres, for which he shall make, &c., a good and sufficient deed, and then I shall make him a deed for said house and lot (before described), and give him possession of the same on the first of *October* next."

The plaintiff averred readiness to perform on the said first of *October*, and from thence continually, that he had the said five hundred acres of land during all of said time, and designated and pointed out the same to defendant, but could not make and tender a deed therefor, because said defendant did not select the particular eighty acres that was to be so transfered; that he afterward, to wit, on *March* 8, 1859, demanded a deed for said lot, and offered to transfer such

Nov. Term,
1861.

KIRKMAN
v.
KENYON.

eighty acres as should be by defendant selected; but he would not select the same, nor fulfill his part of said contract.

A demurrer was sustained to the complaint, which presents the only point in the case.

The brief, upon the part of appellee, informs us that the demurrer was sustained, on the ground that the contract was so vague and indefinite that it could not be enforced; that it was inequitable, and the wife not a proper party, &c.

An application for a specific performance is not advanced as a matter of right, but is addressed to the sound legal discretion of the Court.

In the case at bar the contract is indefinite as to the description of the land in *Jasper* county; is silent as to the value of the same, or of each particular eighty; and as to the value of the house and lot. The complaint is not more definite. It does not even give the description of the five hundred acres, alleged to have been given to the defendant, nor the time at which said description was so furnished. It does not show that a deed had been tendered for any part of said five hundred acres, any particular eighty, nor that said lands had been withheld from market, that a selection might be made. The Court would not, perhaps, have felt called upon to compel a performance of a contract, under these circumstances, if the pieces of property were of greatly unequal value. As the plaintiff did not tender a conveyance for any particular piece of land, and the defendant it was averred would not choose, we do not see how the Court, from the pleadings, was to arrive at a conclusion in reference to the equity of the transaction. If the Court had ordered the lot, &c., of the defendant to be conveyed, and that he should, in a given time, make a selection, or on default that the plaintiff should convey some one piece of said land, such as he might choose, great inequality in the value might have been the result. If the plaintiff had been required to produce proof of the value of lands owned by him, such proof, for ought that appears on the record, might have been addressed to the value of some piece not included in the description furnished to the defendant. Whatever might have been the rights of the plaintiff if he had chosen to present the facts,

if he could do so, in a more specific form, we need not de- Nov. Term,
cide.  All we do decide is, that we do not see any abuse of    1861.
the discretion of the Court in requiring the plaintiff to more  BURNHEISEL
particularly present his case; or, if he could not, to go out    v.
of Court.                                                      FIELD.

*Per Curiam.*—The judgment is affirmed, with costs.

*John A. Matson* and *J. A. Scott*, for the appellant.

*Williamson* and *Daggy*, for the appellees.