# Cincinnati, Bluffton and Chicago Railroad *v.* Wall.

### [No. 7,301. Filed November 14, 1911.]

1. Pleading.—*Complaint.—Demurrer.—Amended Complaint.*—The filing of an amended complaint while a demurrer to the original complaint was pending takes such original complaint out of the record and a subsequent ruling on the demurrer raises no question. p. 608.

2. *Pleading.—Amended Complaint.—Demurrer.*—A demurrer filed after the filing of an amended complaint will be deemed as addressed to such amended complaint, the original complaint being out of the record. p. 608.

3. Injunction.—*Deeds.—Covenants.— Breach.— Railroads.— Complaint.*—A complaint alleging that the plaintiff conveyed a right of way to defendant railroad company's agent, that defendant company accepted and occupied such right of way, that a covenant in such deed required the grantee to construct "a standard fence of woven wire, with barbs on top, sufficient to turn all kinds of stock and should permanently maintain a good and lawful fence," that defendant was threatening to erect an unlawful fence insufficient to turn stock, that the erection of such fence would work irreparable damage to plaintiff and that defendant was insolvent, and praying an injunction, is sufficient when questioned for the first time on appeal. p. 608.

4. Injunction.—*Legal Remedy.*—Injunctive relief will not be denied on the ground that the plaintiff has a legal remedy, unless the legal remedy is as full and adequate as the remedy in equity. p. 608.

5. Injunction.—*Deeds.—Covenants.—Fences.—Railroads.*—Where plaintiff's deed to a railroad company provided for the construction and maintenance by the company of a fence "sufficient to turn all kinds of stock," and the company was threatening to build an insufficient fence, the plaintiff's remedy in equity is much more adequate than his remedy at law, especially where plaintiff used his lands for grazing purposes. p. 609.

6. Injunction.—*Multiplicity of Suits.—Defective Fences.*—Where defendant railroad company agreed to construct and maintain a fence "sufficient to turn all kinds of stock" along its right of way through plaintiff's land, equity will restrain the construction of an insufficient fence on the ground that it will prevent a multiplicity of actions for a breach of the covenant. pp. 609, 610.

7. Injunction. — *Deeds. — Covenants to Construct Fence along Railroad Right of Way.—Statutes.*—The fact that railroad com-

panies are required by statute to fence their rights of way, does not prevent them from contracting to construct and maintain a particular kind of fence; and they may be enjoined from constructing a different kind of fence from the one contracted for. p. 610.

8. INJUNCTION.—*Restraining Breach of Covenant.—Specific Performance.*—The breach of a contract enforceable by specific performance may be enjoined, the remedy of injunction against a breach being a negative specific performance. p. 610.

9. SPECIFIC PERFORMANCE.—*When Granted.*—In order to enforce specific performance of a contract it must be founded upon a valuable consideration, it must be definite, fair, just, and specifically enforceable against both parties without hardship against either, and there must be no equally adequate legal remedy. p. 611.

10. SPECIFIC PERFORMANCE.—*Contracts.—Definiteness.—Parol Evidence.—Fences.—Injunction.*—A contract by a railroad company to construct and maintain along its right of way "a standard fence of woven wire, with barbs on top, sufficient to turn all kinds of stock" is susceptible of specific performance, parol evidence being admissible to apply the terms thereof to the subject-matter; and the violation of such contract may be enjoined. pp. 611, 614.

11. INJUNCTION.—*Legal Remedy.—Election.*—The fact that plaintiff chose an equitable remedy when he might have secured relief in an action at law, is not a sufficient answer to a suit in equity. p. 612.

12. INJUNCTION.—*Partial Relief.*—Injunctive relief will not be denied on the ground that full relief cannot be awarded; and if one party has fully performed his part of the contract, and the other is in the enjoyment of his rights secured by the contract, he may be enjoined from violating the express affirmative provisions on his part. p. 612.

13. SPECIFIC PERFORMANCE.—*Building Contracts.*—Ordinarily, building contracts will not be specifically enforced; but in certain cases, where justice cannot be otherwise secured, they will be so enforced. p. 614.

14. SPECIFIC PERFORMANCE —*Discretion.*—The right to specific performance is a matter of sound legal discretion, controlled by equitable principles, and exercised upon a consideration of all the circumstances of the particular case. p. 614.

15. INJUNCTION.—*Breach of Covenant to Fence.—Deeds.—Agency.*—A railroad's breach of covenant to build a particular kind of fence may be enjoined; and the fact that the deed containing the covenant was executed to the company's agent does not affect the matter, where the company was in possession of the land and accepting the benefits of the grant. p. 614.

16. APPEAL.—*Presumptions.*—On appeal the presumption is in favor of the action of the trial court.  p. 615.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Suit by Robert Wall against the Cincinnati, Bluffton and Chicago Railroad.  From a decree for plaintiff, defendant appeals.  *Affirmed.*

*Lesh & Lesh,* for appellant.

*James C. Branyan, John S. Branyan* and *Wilbur E. Branyan,* for appellee.

FELT, P. J.—The complaint shows that by deed, duly executed by appellee and his wife to an agent of appellant, a strip of ground sixty feet wide was conveyed by appellee, and accepted and occupied by appellant as a right of way; that, as a part of the consideration for the conveyance, it was provided in the deed that the grantee should construct "a standard fence of woven wire, with barbs on top, sufficient to turn all kinds of stock and should permanently maintain a good and lawful fence."

The complaint further averred that appellant was threatening and preparing to erect and maintain, at the place designated in the deed, a fence that was unlawful, and was insufficient to turn stock of all kinds; that the wires were of flimsy material, insufficient in size and strength, the spaces between them were too wide, and the posts were too far apart to make a good fence; that the fence should be not less than four feet high, while the one to be erected was only forty-five inches high, and would be of little value to appellee, because it would not turn hogs and other stock he desired to pasture upon his land adjoining the right of way along which the proposed fence was to be erected; that the erection of said proposed fence would cause irreparable injury to appellee, and in violation of the terms of said deed; that appellant was insolvent.

Issue was joined by general denial.  A trial by the court

resulted in a decree restraining appellant from erecting the proposed fence.

The errors assigned are (1) the overruling of the demurrer to the amended complaint, (2) the failure of the amended complaint to state facts sufficient to constitute a cause of action, (3) the overruling of the motion for a new trial.

A demurrer for want of facts was filed to the original complaint. Pending the ruling upon the demurrer, an amended complaint was filed, but the demurrer was not refiled, though it was afterwards overruled and exception taken.

1. The complaint to which the demurrer was addressed went out of the case when the amended complaint was filed, and the ruling upon the demurrer filed before the amended complaint was filed presents no question as to the sufficiency of the amended complaint.

2. If the demurrer had been filed after the amended complaint was on file, the fact that it did not designate the pleading as an amended complaint would be immaterial, as the amended complaint was the only one then before the court. *Chicago, etc., R. Co.* v. *Stepp* (1909), 44 Ind. App. 353; *Scott* v. *LaFayette Gas Co.* (1908), 42 Ind. App. 614; *City of Vincennes* v. *Spees* (1905), 35 Ind. App. 389.

3. The complaint omits no essential element of recovery, and is sufficient to bar another action, so that when first questioned after judgment by independent assignment of error it is sufficient. *Oliver Typewriter Co.* v. *Vance* (1911), *ante*, 21; *Forrest* v. *Corey* (1902), 29 Ind. App. 159.

4. It is contended that the complaint is insufficient, and that the judgment is erroneous, because it appears that appellee has an adequate remedy at law for damages for breach of the covenant in his deed. But it is not sufficient ground for denying an injunction, that there is a

legal remedy, unless it also appears that the remedy at law is as full and adequate as the remedy in equity.

It fully appears in this case, from both the complaint and the evidence, that the fence to be erected was along the right of way of a railroad, and that the adjoining premises were used for grazing and agricultural purposes. These facts distinguish the case from cases dealing with the ordinary contracts relating to fences and other structures. ·

The rule is firmly established in this State, that a party will be granted injunctive relief even though he may have a clear legal remedy, if the remedy at law is not as prompt, practical, efficient and adequate as that afforded by equity. The location of this proposed fence makes this rule peculiarly applicable here, for it is unreasonable to say that appellee's remedy for damages, which would be available after his stock had escaped from the enclosure, and, possibly, had been lost or killed, is as adequate and practical as the remedy by injunction. *Brugh* v. *Denman* (1906), 38 Ind. App. 486; *Hatfield* v. *Mahoney* (1907), 39 Ind. App. 499; *Ingle* v. *Bottoms* (1903), 160 Ind. 73; *Chappell* v. *Jasper County, etc., Gas Co.* (1903), 31 Ind. App. 170; *Miller* v. *Bowers* (1902), 30 Ind. App. 116; *Denny* v. *Denny* (1887), 113 Ind. 22; *Beatty* v. *Coble* (1895), 142 Ind. 329; *Sullivan* v. *Kohlenberg* (1903), 31 Ind. App. 215.

There is another well-established rule which sustains the right to injunctive relief in this case. This rule is stated in 1 High, Injunctions (4th ed.) §12, as follows: "The prevention of vexatious litigation and of a multiplicity of suits constitutes a favorite ground for the exercise of the jurisdiction of equity by way of injunction; and it may be laid down as a general rule that whenever the rights of a party aggrieved cannot be protected or enforced in the ordinary course of proceedings at law, except by numerous and expensive suits, a court of equity may properly

interpose and afford relief by injunction." To the same effect are the following cases: *Owen* v. *Phillips* (1881), 73 Ind. 284, 294; *Lake Erie, etc., R. Co.* v. *Young* (1893), 135 Ind. 426, 431, 41 Am. St. 430; *Vandalia Coal Co.* v. *Lawson* (1909), 43 Ind. App. 226; *Gray* v. *Foster* (1910), 46 Ind. App. 149; *Stovall* v. *McCutchen* (1900), 107 Ky. 577-581, 54 S. W. 969, 47 L. R. A. 287, 92 Am. St. 373; *Campbell* v. *Seaman* (1876), 63 N. Y. 568, 20 Am. Rep. 567; *Lonsdale Co.* v. *City of Woonsocket* (1899), 21 R. I. 498, 44 Atl. 929.

The fact that we have a statute under which the landowner may proceed to build a fence, affords no ground for an exception to the rule just stated, or for the denial 7. of injunctive relief where the parties have seen fit to enter into a contract fully stating their respective rights and duties.

Here, the remedy at law for violating the contract would be available whenever appellee suffered loss or damage 6. occasioned by the insufficient and defective fence, and the number of such suits would be limited only by the number of such occurrences.

There is another rule applicable in cases of this character. In 4 Pomeroy, Eq. Jurisp. (3d ed.) §1341, it is said: "An injunction restraining the breach of a contract is a 8. negative specific enforcement of that contract. The jurisdiction of equity to grant such injunction is substantially coincident with its jurisdiction to compel a specific performance. Both are governed by the same doctrines and rules; and it may be stated as a general proposition that wherever the contract is one of a class which will be affirmatively specifically enforced, a court of equity will restrain its breach by injunction, if this is the only practical mode of enforcement which its terms permit. * * * The universal test of the jurisdiction, admitted alike by the courts of England and of the United States, is the inadequacy of the legal remedy of damages in the class of contracts to which the particular instance belongs."

If the contract in question here is one that can be enforced by specific performance, then it comes within the rule established by the overwhelming weight of authority, that equity will interpose to prevent the violation of a contract that may be so enforced. In some exceptional cases equity will grant relief by injunction, where specific performance of the contract cannot be enforced. To be entitled to enforce a contract by specific performance, it must appear that it is founded on a valuable consideration, is complete and definite in its terms, and fair and just in all its parts. It must be susceptible of being specifically enforced against both parties, without adding to its provisions, and be susceptible of enforcement without hardship to either party. The absence of a legal remedy must appear, or if there be such remedy, it must be shown not to be so plain and adequate, or as practical and efficient to the ends of justice and its prompt administration, as the remedy in equity. 26 Am. and Eng. Ency. Law (2d ed.) 38; *Louisville etc., R. Co.* v. *Bodenschatz Stone Co.* (1895), 141 Ind. 251-263; *Ikerd* v. *Beavers* (1886), 106 Ind. 483, 485; *Fairchild* v. *Dement* (1908), 164 Fed. 200; *McRae* v. *Smart* (1907), 120 Tenn. 413, 114 S. W. 729.

By the covenants of the deed, which constitute the contract in this case, appellant is bound to construct "a standard fence of woven wire, with barbs on top, sufficient to turn all kinds of stock." These specifications are so definite and certain as to enable a court to enforce the contract without adding to its terms. If necessary, the rule may be invoked that parol testimony may be heard, not to add to or vary the terms of the contract, but to apply it to its subject-matter. 26 Am. and Eng. Ency. Law (2d ed.) 38; *Colerick* v. *Hooper* (1852), 3 Ind. 316, 317, 56 Am. Dec. 505; *Tewksbury* v. *Howard* (1894), 138 Ind. 103, 106; *Cutsinger* v. *Ballard* (1888), 115 Ind. 93, 95; *Burke* v. *Mead* (1902), 159 Ind. 252.

In discussing the application of the doctrine of specific

performance, in the celebrated case of *Union Pac. R. Co.* v. *Chicago, etc., R. Co.* (1896), 163 U. S. 564, 600, 116 Sup. Ct. 1173, 41 L. Ed. 265, Chief Justice Fuller said: "The jurisdiction of courts of equity to decree the specific performance of agreements is of a very ancient date, and rests on the ground of the inadequacy and incompleteness of the remedy at law. Its exercise prevents the intolerable travesty of justice involved in permitting parties to refuse performance of their contracts at pleasure by electing to pay damages for the breach. It is not contended that multiplicity of suits to recover damages for the refusal of defendants to perform would afford adequate relief, nor could it be, for such a remedy under the circumstances would neither be plain nor complete, nor a sufficient substitute for the remedy in equity."

In many cases a person is entitled to his choice of remedies, and the fact that he seeks equitable relief, when he might have an action at law for damages, is not a sufficient answer to the suit in equity. If his application for equitable relief comes within the established rules in other respects, and such remedy is more complete, adequate and practical in the prompt administration of justice, the writ should not be denied. 26 Am. and Eng. Ency. Law (2d ed.) 20; 4 Pomeroy, Eq. Jurisp. (3d ed.) §1405.

The fact that the writ of injunction, if granted, will not in and of itself afford full and complete relief, is not in all cases sufficient ground for denying the writ, where the party is otherwise entitled to it. If one party to the contract has fully performed his part of the obligation, and the other is in full enjoyment of the rights secured by the contract, and is attempting to execute his part of the agreement in a manner expressly forbidden by its provisions, or impliedly forbidden by the affirmative requirements resting upon him by virtue thereof, then an injunction may properly issue, forbidding such attempted

execution. 4 Pomeroy, Eq. Jurisp. (3d ed.) §§1341-1343; *Welty* v. *Jacobs* (1898), 171 Ill. 624, 631, 49 N. E. 723, 40 L. R. A. 98; Fry, Spec. Perf. (3d Am. ed.) §§836-845, 1120; 26 Am. and Eng. Ency. Law (2d ed.) 29.

While, as a general rule, building contracts will not be specifically enforced because of uncertainty, and of the inherent discretion and special skill required, as well as the impracticability of enforcing the court's decree, yet there are well-recognized exceptions to the general rule, some of which are as follows: (1) Where the structure is of simple design, clearly defined and certain in its requirements. (2) Where the plaintiff has a material interest in the structure not susceptible of adequate compensation in damages. (3) Where the defendant has contracted to erect the structure on land acquired by conveyance from the plaintiff. (4) Where there has been part performance so that the defendant is enjoying the benefits of the contract by the terms of which he is obligated to erect the structure. Fry, Spec. Perf. (3d Am. ed.) §76 and notes; 4 Pomeroy, Eq. Jurisp. (3d ed.) §1402 and notes; Story, Eq. Jurisp. §§727, 728; *Bromberg* v. *Eugenollo Constr. Co.* (1908), 158 Ala. 323, 48 South. 60, 19 L. R. A. (N. S.) 1175.

In any case, the right to specific performance is a matter of sound judicial discretion, controlled by established principles of equity, and exercised upon consideration of all the circumstances of each particular case. 4 Pomeroy, Eq. Jurisp. (3d ed.) §1404; *Ash* v. *Daggy* (1855), 6 Ind. 259; *Boldt* v. *Early* (1904), 33 Ind. App. 434, 104 Am. St. 255; *Ames* v. *Ames* (1910), 46 Ind. App. 597.

In 4 Pomeroy, Eq. Jurisp. (3d ed.) §1404, it is said: "Where, however, the contract is in wrting, is certain in its terms, is for a valuable consideration, is fair and just in all its provisions, and is capable of being enforced without hardships to either party, it is as much a matter of course for a court of equity to decree its specific performance as for a

court of law to award a judgment for damages for its breach. * * * The remedy of specific performance is governed by the same rules which control the administration of all other equitable remedies. * * * He who seeks equity must do equity, and he who comes into equity must come with clean hands.''

In 14 Current Law 1960, it is said: ''Generally speaking any fair and valid contract may be enforced if property rights are involved, and if the contract is one susceptible of being enforced.''

The fulfilment of the contract before us is a part of the consideration for the conveyance of the right of way enjoyed by appellant. Appellee has fully executed his part of the obligation. The fence is of simple design and clearly defined, and appellee, who has a material interest in its construction, comes with clean hands, demanding equitable relief. The specific performance of the contract could be decreed and enforced without complication, and where this is true, the authorities fully authorize the issuance of the writ of injunction to prevent its violation. 2 High, Injunctions (4th ed.) §1109; *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568; *Shubert* v. *Woodward* (1909), 167 Fed. 47, 53, 92 C. C. A. 509; *Welty* v. *Jacobs, supra.*

There was abundant evidence from which the court may have concluded that the proposed fence was not a lawful fence, nor such as appellee was bound, by the covenants of the deed, to erect. The fact that the deed was to an agent, and no formal acceptance of it by appellant is shown, can make no difference, as appellant was in possession of the right of way, and proceeding to erect a fence that it claims complies with the terms of the deed. It could not accept the benefit derived from the deed, and at the same time ignore its covenants. Assuming to proceed in compliance with the terms of the deed, appellant should not be permitted to erect a fence inferior to the standard set thereby.

The presumption is in favor of the action of the trial court, and we find no cause for criticism in this case.

16. The motion for a new trial was properly overruled. Judgment affirmed.