## Indiana Union Traction Company et al. v. Seisler.

[No. 8,314. Filed November 25, 1914. Rehearing denied March 5, 1915. Transfer-denied April 14, 1915.]

1. Appeal.— *Questions Reviewable.— Complaint.— Conclusions of Law.*—Alleged error in overruling a demurrer to the complaint will not be considered where the same questions arise upon exceptions to the conclusions of law stated by the trial court. p. 509.

2. Contracts.—*Specific Performance.—Adequate Legal Remedy.*— Specific performance of a contract will not be decreed in cases where there is a plain, full, complete and adequate remedy at law. p. 510.

3. Railroads.—*Contract for Private Crossing.—Action for Specific Performance.—Statutory Provisions.*—Under §5711 Burns 1914,

Acts 1903 p. 426, §5, a person whose land is divided by a railroad right of way is given the right to such driveways across such right of way as are reasonably convenient for his use, and is provided a summary means whereby the construction of such driveways may be had at the entire cost of the railroad company, all of which he may enforce regardless of any agreement or covenant of the railroad company to provide crossings, so that he is not entitled to a decree for specific performance of a contract for the construction of an ordinary grade crossing, such as contemplated by the statute. pp. 510, 512.

4. RAILROADS.—*Contract for Private Crossing.—Specific Performance.*—Where a railroad company contracts for the construction of a private crossing different in kind or in the manner of construction from that to which the landowner is entitled under §5711 Burns 1914, Acts 1903 p. 426, §5, the courts will direct a specific performance of the covenant, since otherwise the landowner would be without an adequate remedy. p. 512.

5. RAILROADS.—*Contract for Private Crossing.—Specific Performance.*—A landowner whose land is traversed by a railroad right of way is not without an adequate legal remedy under §5711 Burns 1914, Acts 1903 p. 426, §5, providing for the construction of private crossings, so as. to entitle him to a decree for the specific performance of a contract wherein the railroad company agrees to construct a crossing of the character covered by the statute, on the ground that the statute was enacted after the execution of such contract, since the statute impairs no rights conferred by such contract, operates to enlarge the remedy of such landowner and was enacted in reference to roads in operation at the time of the enactment, as well as those thereafter to be constructed. p. 514.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by John Seisler against the Indiana Union Traction Company and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*James A. Van Osdol, Louis B. Ewbank, Robert J. Loveland, George W. Holman* and *Rome C. Stephenson,* for appellant.

*Ethan T. Reasoner* and *Albert Ward,* for appellee.

LAIRY, J.—On February 10, 1903, Josiah F. Jones was the owner of an 80-acre farm in Miami County and on that day conveyed to appellants a strip of ground across this farm to be used as a right of way for an electric interurban

railroad, his wife joining him in the conveyance. This deed contained a covenant in these words:

"The bridge over Little Pipe Creek shall be sufficient length and height to allow said Jones to haul all farm products under and through. Also the road under the bridge of the right of way shall be kept open on the east and west sides to allow said Jones to reach the road under said bridge with said products; the said Jones is also to have a grade crossing for wagons on or near where the crossing now is at the foot of the hill."

After the conveyance of the right of way to appellants, Jones conveyed the farm to appellee who brought this suit to enforce the specific performance of the covenants heretofore set out. The issues were tried by the court which made a special finding of facts and pronounced its conclusions of law thereon. A decree was entered, in which the court directed that appellant company should make and construct a grade crossing for teams and wagons with proper and suitable approaches thereto, at or near the point where the crossing was at the foot of the hill at the time of the conveyance from J. F. Jones and wife, to the Indiana Union Traction Company. As to the bridge over Little Pipe Creek and as to the road under the bridge, the court refused to direct specific performance and ordered that appellee take nothing by his complaint. This part of the decree which is unfavorable to appellee is not assailed, and the only questions presented on this appeal relate to that part of the decree whereby appellants were directed to specifically perform the part of the covenant in the deed, with respect to the grade crossing.

A demurrer addressed to the complaint was overruled and this ruling is assigned as error, but we do not pass upon this question for the reason that most, if not

1. all, of the questions presented under this assignment arise also upon the exceptions to the conclusions of law. Some of the questions thus presented were decided adversely to appellants in the case of *Indianapolis, etc., Trac-*

*tion Co.* v. *Essington* (1913), 54 Ind. App. 286, 99 N. E. 757, 100 N. E. 765. We shall not extend this opinion by a discussion of the questions considered and decided in that case, but shall confine our discussion to a few questions which are presented here and which were not there decided.

Appellants contend that the facts specially found by the court show that appellee possessed a full, adequate and complete remedy at law for the failure of appellants to provide him with the grade crossing, in accordance with the covenant in the deed, and that the trial court therefore erred in decreeing a specific performance of this covenant. It is well settled that specific performance of a contract will 2. not be decreed in cases where there is a plain, full, complete, and adequate remedy at law. *Cincinnati, etc., R. Co.* v. *Wall* (1911), 48 Ind. App. 605, 96 N. E. 389, and authorities there cited.

Section 5711 Burns 1914, Acts 1903 p. 426, §5, provides a method by which a landowner, whose land has been divided by the right of way of an interurban railway located 3. thereon, can obtain a driveway or grade crossing. He may require such railway company or person controlling it to construct and maintain wagon- and driveways across the right of way, at a point most convenient to such owner, and upon the failure of the railway company or person operating it, after notice having been given by the owner of such land for a period of thirty days to any conductor in charge of any car upon such road, such owner shall have the right to enter upon the right of way and construct such embankment or make such excavations as may be necessary to establish easy grades from one tract of land to the opposite tract, and may spike planks on the ties for the space of the width of the crossing of such thickness as not to be elevated above the top of the rails, and may also bridge the gutters at the sides of the track in a manner not to obstruct the flow of water therein. It is further provided that the owner of the land shall furnish an itemized

statement verified by his affidavit, of the bill of the cost of
the crossing, including material and labor, to any conductor
in charge of any car on such railway, and if such company
or person operating it shall fail for a period of thirty days
thereafter to pay such bill such owner may recover the
reasonable cost of the construction of such crossing in any
court of competent jurisdiction, including a reasonable at-
torney fee for plaintiff's attorney. This statute has the
effect of giving to a landowner under the circumstances de-
scribed therein, the right to such driveways across the right
of way of such company as are reasonably convenient for
the use of such landowner, and also provides a summary
means by which such landowner may construct such drive-
ways in case the company fails to do so after the notice
provided, and by which he may recover from the company
the reasonable cost thereof together with a reasonable at-
torney fee in case the company fails to pay the cost of con-
structing the crossing, within thirty days after an itemized
statement of the same has been served upon the company,
as the statute provides. This statute has reference to or-
dinary grade crossings to be constructed in the manner
described in the statute. The landowner is entitled to en-
force the construction of such crossings under the statute
regardless of whether there exists any agreement or covenant
by the terms of which the company is to provide them. The
covenant in the deed by which the company agreed to fur-
nish such a crossing as the statute provides shall be fur-
nished in the absence of such agreement, amounts to nothing
more than a stipulation that such crossing is reasonably
necessary and that it is conveniently located. The cross-
ing to which appellee was entitled under the covenant con-
tained in the deed was in no respect different in character
or in the mode of its construction from that to which he was
entitled under the statute to which we have referred. He
could have proceeded under the provisions of the statute
to construct the crossing with the necessary approaches; and,

in this way, he could have procured the same kind of a crossing that he would obtain in case the covenant in the deed was specifically enforced. It appears that the remedy provided by statute in a case such as this is more prompt and that it is quite as complete and adequate as any that equity affords. 3 Elliott, Railroads (2d ed.) §1141; *Illinois Cent. R. Co.* v. *Willenborg* (1886), 117 Ill. 203, 7 N. E. 698, 57 Am. Rep. 862.

In cases where the crossing which the company covenants to construct is different in kind or in the manner of its construction from that to which the landowner is entitled under the terms of the statute, a different question is presented. In such cases the landowner could not proceed under the provisions of the statute and thus obtain the kind of crossing for which he had contracted. If he proceeded under the statute in such a case, he could obtain only that kind of crossing for which the statute provides and not the kind which the company agreed to build as a consideration for the conveyance of the right of way. Such a proceeding would not furnish complete and adequate relief, and, therefore, in such cases, the courts will direct a specific performance of the covenant to the end that a complete and adequate remedy may be afforded. *Indianapolis, etc., Traction Co.* v. *Essington, supra; Cincinnati, etc., R. Co.* v. *Wall, supra.*

In view of the conclusion reached, the other questions presented need not be decided. The court is of the opinion that the facts found by the court show that appellee has a full complete and adequate remedy at law, and that the trial court erred in its conclusions of law in holding, under the facts so found, that appellee was entitled to a decree directing specific performance of the covenant contained in the deed providing for a grade crossing.

The judgment is reversed and the trial court is directed to restate its conclusions of law in accordance with this opinion and to enter judgment accordingly.

## ON PETITION FOR REHEARING.

MORAN, J.—Appellee in his petition for a rehearing insists, (1) that the court erred in holding that he had a full and adequate remedy at law, as against the appellants, to enforce the construction of a private grade crossing over and across appellants' interurban railroad, and that he was not entitled to the equitable remedy of specific performance; (2) that the holding of the court contravenes the rule of law as laid down in *Cincinnati, etc., R. Co.* v. *Wall* (1911), 48 Ind. App. 605, 96 N. E. 389; *Lake Erie, etc., R. Co.* v. *Griffin* (1900), 25 Ind. App. 138, 53 N. E. 1042, 57 N. E. 722; and *Midland R. Co.* v. *Fisher* (1890), 125 Ind. 19, 24 N. E. 756, 21 Am. St. 189,· 8 L. R. A. 604; (3) that the statute referred to in the original opinion as providing appellee with a remedy at law was passed after the deed was executed upon which the appellee claims the right to enforce the construction of a private grade crossing by specific performance.

In the case of *Lake Erie, etc., R. Co.* v. *Griffin, supra,* the question decided was that where a railroad company failed to build a fence as provided by the covenants of a deed, and the owner of the real estate, out of which the right of way was carved, was deprived of the use of the land adjoining the right of way by reason thereof, that he was entitled to recover the rental value of the real estate. In *Midland R. Co.* v. *Fisher, supra.* the question decided was that the covenants in the deed from the landowner to the railroad company to erect and construct a fence as part of the consideration for the execution of the deed were enforceable against a subsequent purchaser who acquired title through the medium of sale upon foreclosure. Both of the above cases touch generally upon the relative right of a railroad company and the owner of the real estate through whose lands the road passes in reference to the construction

VOL. 58—33

and maintaining of fences; neither of them, however, are instructive as to the question sought to be presented by the petition for rehearing in this cause. An examination of the cases of *Cincinnati, etc., R. Co.* v. *Wall, supra,* discloses that in that case the railroad company had agreed as a part of the consideration for the execution of the deed to it, for right of way purposes, to construct a standard fence of woven wire four feet high, with barb wire on top, sufficient to turn all kinds of stock, and that the railroad company was threatening to erect an inferior fence, one that was defective and unlawful and not sufficient to turn live stock of all kinds, that the wires were flimsy and insufficient in size and strength, and that the space between the same was too wide, and the posts too far apart to make a good fence. The land adjoining the railroad right of way was, as is disclosed by the original opinion, used for grazing and agricultural purposes, and while the statute gave the landowner a right to enforce the erection and construction of the fence, his contract called for a specific kind and character of fence, which he was entitled to have erected. If the railroad company was permitted to erect an inferior fence, which it was threatening to do, the landowner's live stock would be likely to escape through such inferior structure from time to time, to his great annoyance and should injury result to his live-stock, which would be likely, he would no doubt be compelled to resort to a multiplicity of actions for their injury. The landowner's remedy at law was not as full and adequate as that provided by equity. This case is readily distinguished from the case at bar.

This leaves but the contention of the appellee that the statute relied upon in the original opinion as affording him an adequate remedy at law was passed after the execution of the deed. The deed under consideration was executed February 10, 1903, and the statute in reference to the building of fences and cattle guards and the construction of private grade crossings as to interurban and

traction railroad companies became a law March 10, 1903. Appellee's deed provides that "said Jones is also to have a grade crossing for wagons on or near where the crossing now is at the foot of the hill". Jones was appellee's grantor and the covenants of the deed in this behalf ran with the land, and if the law that was enacted after the execution of the deed impaired the rights that were created under the deed, then and in that event appellee's contention is correct.

The original opinion discloses that the statute was invoked only in so far as it concerned the remedy, and in no way did it affect the right. If anything, the statute enlarged appellee's remedy, and enlarging his remedy can not be construed as impairing any of his rights under the contract. In *Hill* v. *Merchants Mut. Ins. Co.* (1890), 134 U. S. 994, 10 Sup. Ct. 589, 33 L. Ed. 994, it was held that whatever belonged merely to the remedy may be altered according to the will of the State, providing the alteration does not impair the obligations of the contract. To the same effect is *Converse* v. *Aetna Nat. Bank* (1906), 79 Conn. 163, 64 Atl. 341, 7 Ann. Cas. 75. The statute was enacted in reference to roads in operation at the time of the enactment or that might thereafter be constructed. Irrespective of the language in the deed, appellee had at the time of the filing of his suit for specific performance a statutory remedy, specifically pointing out the character of the private grade crossing he was entitled to, and upon failure of the appellant to build the same after notice, he had the right to enter upon such right of way and construct a crossing as provided by statute, and if the company failed to reimburse him therefor, and he was compelled to bring suit, his remedy included the money thus expended, together with reasonable attorney fees. Acts 1903 p. 426, §5711 Burns 1914. The deed upon which he relies went no further than to point out a location where it was agreed upon that the private grade crossing should be constructed. Inasmuch as the statute was available to appellee at the time he filed his suit for specific per-

formance, it is immaterial that the deed in question was executed prior to the enactment of the statute.

After a careful examination of the original opinion, appellee's petition and brief for a rehearing, we are satisfied that the original opinion correctly expresses the law applicable to the issues and facts in this cause. Petition for rehearing overruled.

NOTE.—Reported in 106 N. E. 911; 108 N. E. 44. As to what is specific performance and the necessity of mutuality of remedy, see 27 Am. St. 173. As to specific performance to compel railroad company to perform agreement as to crossing stipulated for, in deed to railroad right of way, see 48 L. R. A. (N. S.) 387. See, also, under (1) 2 Cyc. 605; 3 Cyc. 224; (2) 16 Cyc. 30; (3, 4, 5) 33 Cyc. 317.