SCHRENKER, GUARDIAN ETC. ET AL. v. HAYDEN ET AL.

[No. 19,044. Filed March 30, 1959. Rehearing denied May 8, 1959. Motion To Tax Costs Against Appellee denied May 27, 1959.]

*William L. Peck* and *O'Neill, Scott & Schrenker,* both of Anderson, for appellants.

*Elmon M. Williams, Robert C. Walsman, Neal & Williams,* all of Indianapolis, *Worth Castor,* of Noblesville and *Wayne Thornburg,* of Anderson, for appellees.

Gonas, P. J.—The following undisputed facts give rise to this litigation:

In 1954 the appellant Henry Steiner and his wife were the owners by entireties of sixty acres of land near the city of Anderson in Madison County, Indiana, and on December 6 of that year proceedings were had on the probate side of the Circuit Court in said county whereby said Henry Steiner was adjudged incompetent to control and manage his own business affairs and the Pendleton Banking Company was appointed and qualified as his guardian. In 1955, by virtue of legislative enactment, jurisdiction of probate and guardianship matters, including the guardianship of Henry Steiner, was transferred from the Circuit to the Superior Court of said Madison County, and on September 12, 1955 said Superior Court, upon proper petition, notices and hearing, concluded that the disability suffered by Henry Steiner, requiring the appointment of a guardian to manage his affairs, no longer existed and ordered his estate returned to his own control. The motion of Henry Steiner's Guardian, Pendleton Banking Company, for a new trial was filed on September 29, 1955 and overruled on November 2, 1955 and thereupon said guardian filed its final report and was discharged by the court.

On November 28, 1955 said Steiner and his wife entered into a written contract with appellees, Virgil C. Hayden and his wife Edna Hayden, whereby the Steiners agreed to sell the real estate heretofore mentioned to the Haydens for the sum of $25,000, on which there was to be a down payment of $16,000 and a promissory note executed for the balance in the sum of $9000 secured by a mortgage back on the real estate sold. Said note was to be made payable in nine annual installments of $1000 each with interest

at 4½% per annum and the whole transaction was made contingent upon the seller's ability to furnish an abstract showing a good merchantable title in the said Henry Steiner. As earnest money the Haydens deposited with the Steiners $100 to be returned to them in the event the deal failed through no fault of theirs.

On December 1, 1955, four days after the execution of the above contract but during the same term of court at which it had denied the Pendleton Banking Company's motion for a new trial, the court, upon its own motion, set aside its ruling of November 2, 1955, declared the same to be null and void and sustained said Pendleton Banking Company's motion for a new trial. Such new trial was held the following day and as a result thereof the court found the said Henry Steiner to be still incompetent to handle his estate and business affairs by reason of old age and infirmity, and appointed the appellant, Paul E. Schrenker, as his guardian and successor to the said Pendleton Banking Company in that capacity.

Thereafter, on July 3, 1956, in compliance with a court order, the appellant Paul Schrenker as Guardian of said Henry Steiner, sold the property here involved to Willis D. Presser and Grace M. Presser, husband and wife, for the sum of $33,500, payable $8375 down and the balance in cash on the approval of said sale by the court, and upon receipt of a guardian's deed and an abstract of title showing a merchantable title in the said Henry Steiner with authority in said guardian, to sell the same. A report to the court showing said sale upon the terms above indicated was in all things approved.

Prior to said completed sale, however, the appellees Hayden and Hayden brought this suit against the Steiners and Paul E. Schrenker, Guardian, by a com-

plaint in two paragraphs. There was no finding or judgment on the first paragraph of said complaint and, therefore, we give the same no further consideration.

The second paragraph thereof sets out the contract of November 28, 1955 between them and the Steiners whereby the Steiners agreed to sell the real estate here involved to them and alleged that they have fully performed all of the covenants in said contract on their part to be performed and ask that the appellant Paul E. Schrenker, Guardian, be required to specifically perform the same in behalf of his ward by the execution of a deed conveying the real estate in suit to them. The appellant guardian filed answer to this complaint in which he alleges that the contract sued on was executed by Henry Steiner while he was under guardianship and therefore is null and void. He also filed a cross-complaint wherein he sought to quiet title in his ward against all claims of the Haydens growing out of said contract.

There was a trial to the court which resulted in a finding for the appellees Hayden and Hayden on the second paragraph of their complaint and against the appellants Steiner, Steiner and Schrenker, Guardian, on their cross-complaint. The judgment of the court is as follows:

"IT IS, THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT that the plaintiffs within 5 days of this date execute and deliver to the defendants a note in the sum of $9,000.00 to be secured by a mortgage upon the real estate herein described payable at the rate of not less than $1,000.00 per year, first payment due January 1st, 1957 and each year thereafter with interest at the rate of 4½ per cent per annum and that upon the tender of said note and mortgage to the defendants here-

in the said defendants are thereupon ordered to execute a good and sufficient warranty deed for the above described real estate to the plaintiffs herein and in the event that said defendants fail to execute said deed Wayne Thornburg is appointed commissioner to convey said real estate to the plaintiffs herein which deed when executed by said commissioner shall vest in the plaintiffs all the right, title and interest of the defendants in and to the said real estate described herein."

Among other contentions the appellants challenge this judgment on the ground that the court abused its discretion in ordering the contract of November 28, 1955 specifically performed to the detriment of the estate of its ward, Henry Steiner, which estate it was duty bound to conserve and protect. It is settled beyond controversy in Indiana that the specific performance of a contract is not a matter of absolute right but rests in the sound discretion of the court, to be exercised upon consideration of all the circumstances of each particular case in accordance with settled principles of equity. *Kirkman* v. *Kenyon* (1862), 17 Ind. 607; *Harter* v. *Morris* (1919), 72 Ind. App. 189, 123 N. E. 23; *Cincinnati, etc. Railroad* v. *Wall* (1911), 48 Ind. App. 605, 96 N. E. 389; *Ames* v. *Ames* (1910), 46 Ind. App. 597, 91 N. E. 509. This rule puts us upon inquiry as to whether the facts of the present case meet those settled principles of equity which must underlie the appellees' case if it is to be held that they are entitled to specific performance of the contract in controversy.

One of the principal requisites of the right to specific performance in good faith on the part of the party seeking such relief. 81 C. J. S., *Specific Performance,* §89. The evidence in the present case is undisputed to the effect that on Novem-

ber 28, 1955, when the contract here involved was executed, the appellees knew that Henry Steiner had been adjudged incompetent of managing his own affairs by the Madison Circuit Court on December 6, 1954, and from that date to September 12, 1955 had been under guardianship. They also knew that on that date it was adjudged that his disability had been removed and by court order his estate was restored to him. They knew further that his erstwhile guardian, Pendleton Banking Company, had sought a new trial of the issue of his competency, but its motion therefor had been overruled on November 2, 1955. At this point, in contemplation of the purchase of the real estate here involved, they employed a lawyer who made an examination of all of the records pertaining to the Henry Steiner guardianship. Through him the appellees knew that the judgment declaring Henry Steiner competent to manage his own affairs had not yet settled into permanency on November 28, 1955, when the contract in controversy was executed, but, on the contrary, was subject to modification or revocation at the will of the court any time during the term in which it was entered. The appellees, as buyers, were charged with the knowledge that the court possessed the power to modify, change, alter, vacate and/or set aside, within the terms, any of its adjudications and determinations. Therefore, when the court, within the term, set aside and vacated its original judgment of restoration, it resulted that this man was at all times and remained incompetent.

Relative to the question of good faith under facts similar to those at bar, the Supreme Court, in *Attica Bldg. & Loan Assn.* v. *Colvert* (1939), 216 Ind. 192, 23 N. E. 2d 483, at page 212, said the following:

". . . In *Dunnington* v. *Elston* (1885), 101 Ind.

373, 374, 375, it was held that where the only title of a purchaser rests upon a judgment of a court of record, he is bound to take notice of the source of his title, and he is charged with notice of all the incidents to which the judgment is subject. 'He is conclusively presumed to know that the judgment may be appealed from within a limited time, or that by the payment of costs the judgment may be vacated within a time fixed by law'; that if he takes his title within the time allowed for an appeal, he takes the hazard of the appeal and the reversal of the judgment, and when the judgment is reversed or set aside he cannot say that he is a purchaser in good faith. . . ."

Thus we are impelled to hold that the appellees entered into the contract they now seek to have specifically performed with full knowledge that the judgment upon which the validity of said contract rests might be vacated as, in fact, it acutally was. Under such circumstances we see no compelling equities necessitating the performance of a contract which the appellees entered into with eyes open to its infirmities.

Furthermore, this court has held that some injury must follow refusal to perform a land contract before equity is warranted in decreeing performance, and where the vendee, at the time of refusal of performance by the vendor, is in the same position as he was before the contract was made, no ground for equitable enforcement exists. *Ames* v. *Ames, supra.* We have searched the record in vain for evidence of injury to the appellees following the refusal of Paul E. Schrenker, Guardian, to perform the contract sued on. On the contrary, it affirmatively appears that at the time Henry Steiner's guardian refused to perform the contract involved, the appellees were in exactly the same position as they were

before they made said contract, with the exception of a small token payment which was to be returned to them in case the transaction failed and which, in our opinion, is insufficient to avoid the rule announced in *Ames* v. *Ames, supra.*

Finally, and perhaps most pertinent to this inquiry, it is the law that no court should grant a decree for specific performance where to do so would be to assist in a breach of trust, official duty or a perversion of trust funds. *M'Duffee* v. *Hestonville, M. & F. Pass. Ry. Co.* (1908), 162 Fed. 36, 81 C. J. S., *Specific Performance*, §18. It cannot be questioned that the law jealously guards the interests of those under guardianship whose estates are in the care and keeping of the courts. *Euler* v. *Euler* (1913), 55 Ind. App. 547, 102 N. E. 856. This is a most salutary rule. It is based on the principle that it is the duty of courts to protect the interests of those who are mentally or physically imcompetent to manage their own affairs. The justice of this principle is shown by the facts in this case. It appears from the record that the land involved in this litigation constitutes the great bulk, if not all, of Henry Steiner's estate. He is old and infirm and wholly dependent upon it for the support of himself and wife. The undisputed evidence indicates that this land is worth and can be sold for $33,500 cash and it seems unjust to us that the guardian should be directed to dispose of it at a loss of $8500 to the estate, the assets of which the court is duty bound to conserve and protect. In doing so the court clearly abused its discretion and the judgment herein is therefore contrary to the law and is reversed.

Cause remanded to the Madison Superior Court with instructions to grant the appellant's motion

for a new trial and thereupon transfer the same to the probate side of said court for disposition as provided by law.

NOTE.—Reported in 157 N. E. 2d 200.